**Dismissed and Memorandum Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00985-CR

_____

**JOHNNY JOE SALAZAR, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1285000**

## MEMORANDUM OPINION

Appellant entered a guilty plea to burglary of a habitation with the intent to commit theft.   In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on June 17, 2011, to confinement for three years in the Institutional Division of the Texas Department of Criminal Justice.   Appellant filed a *pro se* notice of appeal.   The trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal.  *See* Tex. R. App. P. 25.2(a)(2).   The record supports the trial court's

certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). On August 18, 2011, this court dismissed the appeal.

On October 24, 2011, appellant filed another *pro se* notice of appeal from the same judgment of conviction. Not only is there no right to appeal this conviction based on the plea bargain agreement with the State, but appellant's new notice of appeal is untimely to perfect an appeal from the June 17, 2011, judgment.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal in compliance with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *Id.* Under those circumstances the court can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).